IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW SMIGELSKI, | : | |
| | : | C.A. No. 2:20-cv-4812 |
| Plaintiff, | : | |
| v. | : | Hon. Sarah D. Morrison, Judge / |
| | : | Hon. Kimberly A. Jolson, Magistrate Judge |
| GREGG CLULEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF RULE 12(f) MOTION TO STRIKE CERTAIN OF PLAINTIFF'S ALLEGATIONS

Plaintiff's Response to Mr. Mowery's Rule 12(f) Motion to Strike reveals that Plaintiff agrees that Paragraphs 104 through 109, 120 through 143, and 186 through 188 of his pleading are either immaterial or impertinent to his pending Fourth Amendment-based claims. These paragraphs should, thus, be stricken from Plaintiff's pleading.

The vast remainder of the paragraphs Plaintiff seeks to preserve directly relate to his arrest, incarceration, prosecution and ultimate conviction for menacing.  (Compl. at ¶¶ 18-20, 29-31, 41, 42, 46, 47, 50, 71, 72, 103, 110-19, 144.[1])  The content of these paragraphs speak neither to the nature, extent or surrounding circumstances of the force used against Plaintiff nor to the propriety of the at-issue searches.   Thus, and per the Court's earlier holding, these paragraphs warrant striking from Plaintiff's pleading. Plaintiff's affirmed conviction forecloses re-litigating in this civil action those issues subsumed by the finding of his guilt beyond a reasonable doubt in a related criminal proceeding.

---

[1] Paragraphs 18 through 20, 29 through 31, 41, 42, 46, 47, 50, 71, 72 and 144 of Plaintiff's reference Plaintiff's arrest or events leading up to that arrest; Paragraphs 110 through 119 reference Plaintiff's incarceration; Paragraph 103 references Plaintiff's prosecution.

Also deserved of striking from Plaintiff's pleading are allegations concerning Mr. Mowery's police service record. (Compl. at ¶¶ 21-25.) These allegations may be pertinent to a negligence or *Monell*-based claim against the City of Logan; that claim, however, was dismissed with prejudice at the outset of this case. Further, none of these allegations remotely address the use-of-force issue presented by Plaintiff's claim against Mr. Mowery, *i.e.*, whether or not a police officer's use of force in attempting to restrain an individual was "'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivations." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Goodwin v. Richland Cty.*, 832 Fed. Appx. 354, 357 (6th Cir. 2020).

Finally, Plaintiff strives to preserve his name-calling allegations. (Compl. at ¶¶ 24, 25, 176-79.) Disturbingly, Plaintiff seeks to do so with resort to screen shots apparently exchanged between Plaintiff and another, and in which Plaintiff or the other accuse "this guy" of idolizing Adolf Hitler. (Pl.'s Resp. at Ex.) Plaintiff leaps with *ipso facto* logic to conclude that because he or the other have somehow deduced from pictures—including a photograph of former Secretary of State Hillary Clinton—that Mr. Mowery purportedly idolizes an infamous figure, that deduction must be an immutable fact. Fortunately, Courts do not condone either this "logic" or the broad, yet shallow characterizations it unfortunately produces. The issue is not one of sanitized "political correctness"; rather, it is one simple manners.

In sum, each paragraph identified by Mr. Mowery as being immaterial, impertinent or scandalous should be stricken from Plaintiff's pleading. This conclusion is buttressed by Plaintiff's Response, which offers nothing other than the unsupported prospect that the allegations he seeks to preserve "*may* actually be relevant to the case at hand." (Pl.'s Resp. at p. 1 (emphasis supplied).)

Respectfully submitted by,

DICKIE, McCAMEY & CHILCOTE, P.C.

*/s/ Jessica A. Reese*
Jessica A. Reese (0087028)
E-mail:  jreese@dmclaw.com

250 Civic Center Drive, Suite 280
Columbus, OH 43215-5086
Tele. No.:  614-258-6000

Anthony J. Rash, Esquire
*Admitted Pro Hace Vice*
E-mail:  arash@dmclaw.com

Two PPG Place – Suite 400
Pittsburgh, PA  15222
Tele. No.:  412.392.5222

*Attorneys for Defendant, Josh Mowery*

4

## CERTIFICATE OF SERVICE

I, Jessica A. Reese, Esquire, hereby certify that true and correct copies of the foregoing were served this 14th day of April, 2021 upon the below-listed *pro se* Plaintiff via electronic mail, and upon the below-listed counsel of record via CM/ECF means:

Mr. Andrew Smigelski
1015 Bryan Road
Sugar Grove, OH  43155
E-mail:  smigelski.andy@gmail.com
***Pro Se* Plaintiff**

Michael S. Loughry, Esquire
175 South Third Street
Suite 1000
Columbus, OH 43215
**Counsel for Detectives Gregg Cluley and Ben Skinner
and Captain Ryan Gabriel**

*/s/ Jessica A. Reese*
Jessica A. Reese (0087028)
Attorney for Defendant, Josh Mowery

12400272.1