IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

        **Plaintiff,**

   v.                                      Civil Action 2:20-cv-4812
                                                 Judge Sarah D. Morrison
                                                 Magistrate Judge Jolson

GREGG CULEY, et al.,

        **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Josh Mowery's Rule 12(f) Motion to Strike Certain of Plaintiff's Allegations (Doc. 34). The Motion is **GRANTED**. In addition, given this posture, the Motion of Defendants Greg Cluley, Ben Skinner and Ryan Gabriel to Dismiss Plaintiff's Complaint, or the in the Alternative Motion to Strike and for More Definite Statement (Doc. 36) is **GRANTED in part**, and **DENIED in part as MOOT**. Plaintiff shall file a Second Amended Complaint, consistent with this Opinion and Order, by **May 7, 2021**.

    I.      BACKGROUND

Plaintiff brought this case against over twenty defendants, raising numerous constitutional claims. (Doc. 1-1). Because he is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2) required the Undersigned to analyze the merits of Plaintiff's claims. *See id.* (requiring dismissal of claims brought by a plaintiff proceeding *in forma pauperis* that are "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief"). From this analysis, the Court ultimately dismissed many of Plaintiff's claims as meritless. (Doc. 7 at 6–13; Doc. 9 (adopting recommendation in full)). Relevant here, Plaintiff's claims relating to his arrest for and conviction of menacing were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the only claim that remains against Defendant Mowery is an

excessive force claim. *Id.* at 16–17; *see also* Am. Compl. at Count III. Since that initial screen, which Plaintiff did not oppose, he filed an amended complaint (Doc. 14). Yet, it appears that Plaintiff seeks to continue to rely on his initial Complaint for allegations and the Amended Complaint for requested relief. Given this posture, Defendant Mowery has sought to strike numerous allegations from the initial complaint under Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff partially opposed the Motion, and Defendant Mowery filed a reply (Doc. 38). The other Defendants in this case also have asked for relief under Rule 12 (Doc. 36). Specifically, they seek dismissal (*id.* at 2) or, in the alternative, want Plaintiff to file a more definite statement without the allegations Defendant Mowery seeks to strike (*id.* at 3). Plaintiff did not file any opposition to the other Defendants' Motion.

## II. STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court may strike from a pleading any immaterial, impertinent, or scandalous allegation. Courts have broad discretion in striking pleadings, but the practice is generally disfavored. But striking pleadings is warranted where one or more allegations have no possible relation to the matter in suit and may cause prejudice to one of the parties. *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. 3:06-cv-371, 2007 U.S. Dist. LEXIS 23076, *34-*35 (S.D. Ohio Mar. 29, 2007). Rule 12(f) is designed to "eliminate spurious issues before trial and streamline the litigation." *Id.* at *34 (citations omitted).

## III. DISCUSSION

Defendant Mowery moves to strike the following paragraphs from the Complaint:

- Paragraphs 103 through 143, 175 through 186 and 188, as the allegations contained therein are immaterial to any claim pending against any Defendant remaining a party to this action;

- Paragraphs 18 through 25, 29 through 31, 41, 42, 46 through 50, 53 through 55, 61 through 66, 71, 72, 103 through 144, 175 through 186, 188 and the "to make the illegal arrest" language in Paragraph 52, as the allegations contained therein

2

> are impertinent to any claim pending against any Defendant remaining a party to this action; and
>
> - Paragraphs 176 through 179, as the allegations contained therein are scandalous in content.

(Doc. 36 at 1).

Although Plaintiff has opposed Defendant Mowery's Motion to Strike (*see* Doc. 37), it appears he agrees that paragraphs 104 through 109, 120 through 143, and 186 through 188 should be stricken. Additionally, upon review, the Court concludes that the remaining paragraphs at issue are irrelevant to the claims in this matter. Further, deletion of these paragraphs will not hamper Plaintiff's ability to pursue his remaining claims. To the contrary, it will streamline this litigation. To achieve this goal, Plaintiff shall file a Second Amended Complaint **by May 7, 2021**. Plaintiff is reminded of the Court's prior instruction:

> Plaintiff [is] permitted to proceed with his claims against:
>
> (1) Defendants Unnamed SEORJ Guards for their alleged unconstitutional collection of his DNA;
> (2) Defendant Cluley for his alleged misrepresentations in obtaining a search warrant; and
> (3) Defendants Mowery, Skinner, and Gabriel for their alleged excessive force against Plaintiff.
> Because Plaintiff's Complaint does not specify damages or injunctive relief, Plaintiff is **ORDERED** to amend his Complaint to include specific relief requested from each Defendant.

(Doc. 7 at 17–18). Further, Plaintiff shall not include the material from the stricken paragraphs in his amended pleading and state specific allegations and requested relief as to each Defendant.

Given this conclusion, the Motion of Defendants Greg Cluley, Ben Skinner and Ryan Gabriel to Dismiss Plaintiff's Complaint, or the in the Alternative Motion to Strike and for More Definite Statement (Doc. 36) is **GRANTED in part**, **and DENIED in part as MOOT**. To the extent they seek a streamlined pleading, that request is **GRANTED** consistent with the discussion above. But no Defendant will be dismissed at this time given that Plaintiff has been afforded a

chance to amend. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (noting that *pro se* plaintiffs must be afforded some latitude).

### IV.     CONCLUSION

For the foregoing reasons, Defendant Josh Mowery's Rule 12(f) Motion to Strike Certain of Plaintiff's Allegations (Doc. 34) is **GRANTED**. Additionally, the Motion of Defendants Greg Cluley, Ben Skinner and Ryan Gabriel to Dismiss Plaintiff's Complaint, or the in the Alternative Motion to Strike and for More Definite Statement (Doc. 36) is **GRANTED in part**, and **DENIED in part as MOOT**. Plaintiff shall file a Second Amended Complaint, consistent with this Opinion and Order, by **May 7, 2021**.

IT IS SO ORDERED.


Date:   April 23, 2021                                      s/ Kimberly A. Jolson
                                                                                                             KIMBERLY A. JOLSON
                                                                                                             UNITED STATES MAGISTRATE JUDGE