IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

      **Plaintiff,**

v.                                          Civil Action 2:20-cv-4812
                                             Judge Sarah D. Morrison
                                             Magistrate Judge Kimberly A. Jolson

GREGG CLULEY, et al.

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Protective Order (Doc. 76) and Plaintiff's Motion to Compel (Doc. 80). The Motions (Docs. 76, 80) are **DENIED without prejudice**. The Parties are **ORDERED** to confer and exhaust among themselves all extrajudicial means for resolving their dispute.

**I.    BACKGROUND**

Plaintiff filed this complaint, on September 14, 2020, alleging various civil and constitutional rights violations arising from his arrest, detention, and search of his home. (Doc. 1). On December 28, 2020, the Court dismissed all but three of his claims. (Doc. 9). The remaining claims are against (1) Defendant SEORJ Guard Brooks for alleged unconstitutional collection of Plaintiff's DNA; (2) Defendant Gregg Cluley for his alleged misrepresentations in obtaining a search warrant; and (3) Defendants Josh Mowery, Ben Skinner, and Ryan Gabriel for their alleged excessive force against Plaintiff. *Id*.

On January 10, 2022, Plaintiff filed a motion requesting the Court to order the United States Marshall Service to serve subpoenas on multiple individuals and organizations. (Doc. 71). On January 29, 2022, Defendants filed the present Motion for Protective Order (Doc. 76) asking the

Court to strike from being served almost all of these subpoenas. Defendants filed a memorandum in support of the protective order (Doc. 77), Plaintiff responded (Doc. 78), and Defendant replied (Doc. 79).

On February 28, 2022, Plaintiff filed a Motion to Compel Defendants to respond to Plaintiff's unspecified "requests for admissions, interrogatories, and production," which Plaintiff claims were overdue. (Doc. 80 at 1). The Court thinks it is likely Plaintiff is referring to the discovery at issue in the protective order (Doc. 76). Defendants responded on March 10, 2022, (Doc. 82), claiming their response was delayed by external factors, and that further extrajudicial efforts were necessary between the Parties before Plaintiff filed this Motion to Compel. (Doc. 80 at 1–2). Both matters have been briefed and are ripe for review.

## II.  RELEVANCE

Under Rule 26(b)(1), parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As such, parties must show relevance in order to receive discovery. *Id.*. Generally, evidence is considered relevant if it (a) has a tendency to make a fact more or less probable than it would be without the evidence, and (b) that fact is of consequence in the action. Fed. R. Evid. 401.

Plaintiff purports that "being forced to reveal why these subpoenaed documents is relevant is a tactic by defense counsel to reveal Plaintiff's trial plans." (Doc. 78 at 2). This is a misunderstanding of the relevance required under Rule 26. The relevance of requested information is not secret, but rather necessarily disclosed to show that the information is within the scope of discovery. Fed. R. Civ. P. 26(b)(1). Showing relevance is a low bar, but Plaintiff's discovery requests must still meet it.

2

**III.  MEET AND CONFER**

Under this Court's Local Rules, parties shall not file any "objections, motions, applications, and requests relating to discovery" unless they "have first exhausted among themselves all extrajudicial means for resolving their difference." S.D. Ohio Civ. R. 37.1. Applied here, the parties need to meet and confer to resolve their issues extrajudicially regarding both the Motion for Protective Order (Doc 76) and the Motion to Compel (Doc. 80). The parties must cooperate to determine relevancy. To assist the parties' efforts, the Court has reviewed Plaintiff's requests and provides the following guideposts.

For example, Plaintiff's subpoena to Abigail Saving in her capacity as Logan City Law Director requesting records of complaints or misconduct regarding Defendants Cluley, Skinner, Gabriel and Mowery in their capacities as Logan County Police Officers (Doc. 71-1 at 11) is likely relevant to Plaintiff's claims of excessive force and misrepresentation in obtaining a search warrant. Conversely, Plaintiff's subpoenas to Hocking County Victim's Services requesting the victim file of Jessica James (Doc. 71-1 at 5) and to the Office of Disciplinary Counsel requesting the complete files of Abigail Saving and Jonah Saving (Doc. 71-1 at 13) are likely not relevant to Plaintiff's remaining claims. During their conference, the Parties should similarly consider the relevance of the requested information in the various subpoenas included in Document 71-1 on pages 1-24.

Regarding the specific requests included in the subpoena to the Logan Police Department (Doc. 71-1 at 25-29), the Court identifies requests five, six, fourteen, twenty-three and twenty-four as possibly relevant. Conversely, the Court identifies numbers three, twelve, sixteen, twenty, and twenty-nine as likely not relevant. Many of these likely irrelevant requests are too broad or are unrelated to Plaintiff's remaining claims. Similarly, regarding the requests to the Hocking County Sheriff's Office (Doc. 71-1 at 31–32), the Court identifies requests four and six as potentially

3

relevant, and request five as likely not relevant because it is unrelated to Plaintiff's claims of excessive force and misrepresentations in obtaining a search warrant.

The parties should use this preliminary review as a starting point for their discussion. The parties are ordered to exhaust among themselves all extrajudicial means for resolving their differences and provide an update to the Court by April 8, 2022. If disputes remain, the Undersigned will hold a status conference.

### IV. CONCLUSION

For the forgoing reasons, Defendants' Motion for Protective Order (Doc. 76) and Plaintiff's Motion to Compel (Doc. 80) are **DENIED without prejudice**. The Parties are **ORDERED** to meet and confer, and to file a status report by **April 8, 2022**.

IT IS SO ORDERED.

Date: March 17, 2022　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE