IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW SMIGELSKI,**

      Plaintiff                                      Civil Action 2:20-cv-4812
                                                    Judge Sarah D. Morrison
V.                                                    Magistrate Judge Kimberly Jolson

**GREGG CLULEY et al.**

# Plaintiff's Reply to Logan Police Department and Abigail Saving Response to Motion to Compel

Plaintiff would like to briefly address some of the points that defense counsel tried to make in their non-party response to Plaintiff's motion to compel. Plaintiff will address these in the order that they were presented.

    **I. Reply to Statement of the Case**

First, Plaintiff would like to note that while he did notify defense counsel, who represents these non-parties, that she would be reported to the Office of Disciplinary Counsel, this was specifically only if she was withholding evidence that she claimed didn't exist at all. The full email exchange of this conversation is attached as **Exhibit A** The reason for this is that Abigail Saving, Law Director of the City of Logan, had previously withheld discovery documents and claimed they didn't exist, in order to obtain a conviction and prevent a successful appeal in the originating case. This evidence was certainly *Brady* material. It was both exculpatory and would likely have changed the outcome of the case. Some of this evidence is detailed below, and is attached as **Exhibits C, D, E, F, G, and H**.

**II. Reply to Law and Argument**

    **A.** Cara Wright, defense counsel for Defendants Skinner, Cluley, and Gabriel, insists that the motion to compel is untimely, but this same counsel has

already missed several deadlines. They were over a month late in producing their responses to Plaintiff's requests for admission, production, and interrogatories, as shown by **Exhibit B.** This was a month late past the extra month extended deadline that Plaintiff had previously already agreed to. By March 1, over two months past the original deadline, Plaintiff had still not received these defendants' response to his requests, so he filed a Motion to Compel (*Docket Entry 80).*

Defense counsel for these defendants is also currently approximately 8 months delinquent in producing a response to Plaintiff's mandated settlement demand. Their response was due in December 2021, and despite Plaintiff's requests, has not been produced. This was also mentioned in Plaintiff's Motion to Compel (*Docket Entry 80)*, submitted March 1.  This was not an issue for defense counsel for Defendant Mowery.

Additionally, Cara Wright didn't produce the DVD "evidence" (really only the same body camera videos that have already been produced, along with Plaintiff's own evidence that he provided defense counsel) until after this motion to compel was filed. This was approximately 6 weeks after it was due, and a full month after Plaintiff notified Defense counsel that he had not received the DVD evidence. This is shown in **Exhibit A.** This indicates defense counsel's unwillingness to participate in this discovery process.

B.  Plaintiff, Andrew Smigelski, hereby certifies that he attempted to confer with defense counsel, in accordance with Federal Rule 37. Plaintiff has lost faith in asking defense counsel to voluntarily produce evidence, because they have made clear that they were continuing the four year habit of the Logan Police and Abigail Saving of withholding evidence. This is shown in the email exchange that is **Exhibit A.**

   C.  1. As noted previously, the only "evidence" produced by production of these DVDs from Abigail Saving was already in possession of the Plaintiff. It is neither new nor novel, and can hardly be considered a "full and appropriate" response.

**2.**  Defense counsel claims that Abigail Saving "wears two hats" in regards to this legislation. However, Abigail Saving shouldn't be involved to this extent at all. These defendants already have several attorneys for this cause of action, none of which is Abigail Saving. Also of note is that Abigail Saving's husband, Judge Jonah Saving, is the person who signed off on Officer Gregg Cluey's perjured search warrant, the core aspect of one of these causes of action.

Abigail Saving's continued involvement in this case is done not out of professional obligation, but to try to salvage her personal legal career after committing serious misconduct, including withholding *Brady* material during the original case. Examples of this include the following:

- The full incident report, written by Gregg Cluey, regarding Mowery's threats to shoot up a crowded bar full of people, threatening to attack people, and threatening to arrest or cite people he didn't like. This is known as the "Home Tavern Incident" and is attached as **Exhibit C**.  This was not produced until the City of Logan's second response to Plaintiff's public records request, received by Plaintiff only after his original trial and appeal. Plaintiff's records request and the two responses, sent four and a half months apart, are attached as **Exhibits D, E, and F.**

- A complaint from the parents of a high school student stalked by Defendant Mowery because Mowery's family members didn't like the student. This is similar to the way that Defendant Mowery stalked and harassed the Plaintiff. Attached as **Exhibit G.** Again, although this incident took place prior to Plaintiff's trial, it was not produced until afterwards.

- The complete Mowery Criminal Complaint, received in May of this year from the Pickaway County Prosecutor,  Special Prosecutor in the Mowery case. This report details that the City of Logan and Abigail Saving already knew that Mowery was corrupt and under investigation within just over a month after Plaintiff's arrest. Additionally, it shows that Abigail Saving allowed Former Officer Mowery to testify at trial against Plaintiff, even though Mowery had already been under investigation for corruption for five months. Defendant Mowery literally drove to the courthouse to testify

against the Plaintiff, on two separate days of court, 3/8/2019 and 3/18/2019, in a vehicle that had a secret tracking device installed to monitor his corrupt movements (**Pages 19, 25).** This shows serious misconduct committed by Abigail Saving, which goes beyond just a momentary lapse of judgment. This report is presented as **Exhibit H.**

This evidence may be enough to meet the requirements of the crime-fraud exception presented by Defense counsel, but certainly should call into question the veracity of any claims that The City of Logan, its Police Department, City Law Director Abigail Saving, or their attorneys, make regarding evidence that they claim "does not exist."

**3.** For this point, Abigail Saving, through attorney Cara Wright, argues that she can't be compelled to produce evidence related to complaints/misconduct by claiming that the evidence is irrelevant or that it doesn't exist at all. This Court, in the Opinion and Order in *Docket Entry 84* already concluded that this evidence is likely both relevant and discoverable. Although Abigail Saving's attorney says "Law Director Saving does not possess or control any documents responsive" to this subpoena demand, Abigail Saving has a history of withholding evidence and this assertion can not be taken at face value.

**D.**

    **1.**

First, The Logan Police Department claims that their response to Plaintiff's Subpoena Demand was "full and appropriate" however, this isn't accurate. The Logan Police Department hasn't produced a single responsive document in response to Plaintiff's subpoenas. A subpoena response that doesn't provide any documents or evidence can hardly be considered "full and appropriate."

Additionally, The Logan Police Department is trying to constrain the scope of Discovery to that evidence which they have a reasonable response to. Their counsel attempts to argue that only the moments and evidence directly preceding the officers' use of force are relevant, which is what they wish to be true. Interpreting discovery in that way is a disservice to the actual facts surrounding the attack. Plaintiff is attempting to fully contextualize the violation of his civil rights. For instance, evidence from later in the day, or later in the week, which Plaintiff has subpoenaed, could show the officers bragging about the use of

force, and/or admitting to the use of excessive force. Certainly this evidence, like internal communications, other body and dash cam videos, security camera footage, radio calls for the entire day etc. would be relevant to these causes of action.

In the context of Gregg Cluley's perjured search warrant, defense counsel says that "a Plaintiff must make a substantial showing that the defendant stated a deliberate falsehood or showed reckless disregard for the truth." Plaintiff is aware of this standard, which is why he subpoenaed the evidence that he did.

Counsel for the Logan Police then lists a large number of subpoenaed documents and claims that they are "wholly irrelevant" but provides no additional evidence or reasoning. This is because they can't. These 17 bullet points are certainly relevant to provide context to the violations of Plaintiff's civil rights. There is very likely information/evidence/documents among these points that would be relevant to the Plaintiff, the Court, and a potential jury at trial. Plaintiff has already provided arguments for these points in his original Motion to Compel, which defense counsel has chosen not to rebut. Plaintiff has also already temporally constrained his subpoena demands to the day and dates relevant to this case.

Plaintiff would like to briefly address defense counsel's #4 and #5 inline citations. #4 claims "All body camera recordings related to the September 12, 2018 arrest have already been produced."  This isn't true. Some body camera videos from the "standoff" have been produced, but defense counsel and the Logan Police have refused to produce any body camera videos from later in the day, including during the search warrant. Nor have they produced any dash cam videos at all. Plaintiff has already constrained the subpoena of these videos to an 8 hour period on the day of the arrest. Defense counsel's attempt to further temporally limit the production of these relevant videos is done in bad faith.

The #5 inline citation says "The Call Record Report related to the September 12, 2018 has already been produced." This is another bad faith argument. The Call Record Report is not what was subpoenaed for this point of evidence. This is an attempt at diversion from defense counsel by claiming that a different, totally unrelated piece of evidence has already been produced.

2. Here, the Logan Police claim that some of the subpoenaed documents "simply do not exist." This mirrors the language that Abigail Saving used to lie to the appellate court in response to Plaintiff's appeal in 2019. The relevant sections of Abigail Saving's response to the appeal are attached as **Exhibit I.** Specifically, Abigail Saving claimed that a motion to compel "would not result in additional evidence being produced" and that the evidence Plaintiff wanted at that time "simply did not exist." Abigail Saving, on behalf of the City of Logan and Logan Police Department, made those claims while actively withholding the above mentioned and attached *Brady* documents. In short, neither Abigail Saving, nor the Logan Police Department, can be believed when they are claiming that responsive documents "simply do not exist."

Further defense counsel claims that "The County's MRAP vehicle was not utilized during the course of the Plaintiff's arrest." This is despite the fact that LPD Officer Eli Burchfield is seen on his own body camera organizing the use of the MRAP, and demanding that Plaintiff's across the street neighbors (not the next door neighbors involved in this case) move their vehicle off the street so the massive MRAP could fit down Plaintiff's street and be used against Plaintiff.

In response to Plaintiff's subpoena demands # 17, 18, 27, and 28, defense counsel Cara Wright again claims that evidence doesn't exist, but doesn't offer any convincing evidence for why it does not. In response to #17, the forensic examination of Plaintiff's cell phone, Ms. Wright can't produce any evidence or argument at all about why Gregg Cluley would specifically list "a forensic examination of (Plaintiff's) cell phone" as a thing to be searched/seized, but then choose not to do so despite having over a full week with the phone in his possession to do it. Cara Wright also fails to offer a certification that what she is saying is true about the evidence that she's refusing to produce. This is likely because her assertions are not the complete truth.

In response to Plaintiff's subpoena 1, 4, 5, 12, 22, 29, Ms. Wright claims that the production of these documents would "impose a burden upon a non-party." However seemingly, in all of the case law that Ms. Wright cites, the precedent refers to truly unrelated third parties, not parties like Abigail

> Saving and the Logan Police Department, that have intentionally chosen to actively involve themselves in the current causes of action, and that are represented by the same counsel for the defense. Functionally, in this case, these non-parties are acting as parties and should be treated as such for the narrow purpose of this discovery.

**3.**

In response to subpoena demand # 15, defense counsel claims "There is nothing further (to) compel in response to Request No. 15." As Plaintiff noted above, no dash cam videos have been produced, and consequently no Axon audit reports have been produced. Also as noted, no body camera videos from later in the day on 9/12/2018 have been produced, and again consequently neither have the Axon audit reports.

Finally, in response to subpoena demand #17, defense counsel claims that all photos taken during the search of his home have been produced "in .jpeg format" this is flat out untrue. Plaintiff has received a PDF that includes the photos, but the photos have never been produced in their original format (or .jpeg) as Plaintiff's subpoena demand specified.

### III. Conclusion

In conclusion, Plaintiff has designed his subpoena demands to be limited to the relevant times, subject matter, and evidentiary documents. Despite this, defense counsel, who represents the non-party Abigail Saving and the Logan Police Department, has chosen to be intentionally obstructionist by refusing to produce any responsive documents at all in response to Plaintiff's subpoenas. Because of their history of withholding, and in absence of a certification from counsel, these non-parties can not be taken at face value when claiming that documents don't exist. For these reasons, and for the arguments made in Plaintiff's July 6 Motion to Compel, Plaintiff's Motion to Compel should prevail and the documents should be ordered produced.

*Submitted with respect,*

**/s/Andrew Smigelski**_____
**Andrew Smigelski, Plaintiff Pro Se**
**1015 Bryan Road**
**Sugar Grove, Ohio 43155**
**614-607-1230**
**Smigelski.Andy@gmail.com**