### OFFICER MISCONDUCT COMPLAINT

2-8-19

▊ called in reference to a complaint against Ptl. Mowery regarding his son ▊ and his friend ▊ advised that he is concerned ▊ are being harassed by Ptl. Mowery because Ptl. Mowery does not like his son or ▊ He advised that his son reports that Ptl. Mowery gives his son dirty looks and tries to intimidate them whenever he encounters them. He advised that he is concerned about this alleged pattern and wanted to voice his concerns.

Tom further advised that he was informed by two unknown females and their high school daughters that Ptl. Mowery and his wife came to both their houses in the last couple weeks and advised them both that they should not let their daughters hang around ▊ because they were using and dealing meth. One of the females allegedly advised that Ptl. Mowery came to her house with his wife while in uniform and wasn't sure if he was on duty or off duty.

The incident revolved around Ptl. Mowery being at LHS on the morning of February 7th, 2019. Ptl. Mowery observed ▊ walking together at the school. Ptl. Mowery had prior knowledge that part of ▊ probation, he was not allowed to hang around ▊ He notified P.O. Sigler, who confirmed they were not allowed to be around each other. P.O. Sigler made contact with Ptl. Campbell, the SRO at LHS, who pulled ▊ from class to discuss the matter. Upon completing a meeting with ▊ P.O. Sigler agreed to drop the no contact provision, based on his clean drug screen. Later that day, ▊ sent a text to Ptl. Mowey's personal cell, calling him a narc, for reporting the matter. Although Telephone Harassment charges were an option for the unsolicited call, it was decided not to pursue any charges, as warnings from both P.O. Sigler and Ptl. Campbell that further text would result in criminal charges.

I advised Mr. Farly, after looking through the LPD reporting system that neither ▊ were under any active investigation by the Logan Police Department and that their names have only come up from unsubstantiated rumor and accusation from other juveniles at the high school. I further advised that while off duty, Ptl. Mowery, acting as a concerned parent, might have heard rumors and from other juveniles or parents regarding the same matter and chose to inform the mothers of the girls mentioned earlier on his own accord, not under any direction or relation to the Logan Police Department. I further advised that if Ptl. Mowery was spreading false or inaccurate information off duty, then he would be liable like any other individual to civil action for libel and slander if they chose to pursue the matter.

In regard to the accusation of Ptl. Mowery contacting these unknown females either while in uniform or while on duty. I urged ▊ to have them contact me at their earliest convenience, so I could obtain their information regarding the accusation and initiate an internal investigation into misconduct and policy violations by Ptl. Mowery.

We ended our conversation and ▊ was appreciative of the opportunity to discuss the matter, I advised him that he could contact me in the future if there were any other issues that come up regarding this incident and I ensured him that all complaints are handled in accordance with policy. He thanked me for my time. The conversation lasted approximately 10 minutes.

No further action was taken at this time, pending any further disclosures from the unknown females discussed earlier.