## ASSIGNMENT OF ERROR I

**DEFENSE COUNSEL FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS DURING THE COURSE OF THE CASE.**

### REPLY TO ASSIGNMENT OF ERROR I

To determine whether there has been ineffective assistance of counsel which would warrant relief to the Appellant, the Court must make two distinct inquiries – has the attorney for Defendant Appellant provided assistance that fell below an objective standard of reasonableness; and if so, was there a reasonable probability that the proceeding would have had a different outcome but for the defense counsel's errors. *Strickland v. Washington* (1984) 466 U.S. 668, 687-689.

    **A.** **Defense Counsel's Assistance was Objectively Reasonable** The Court in *Strickland* noted that there are "countless ways to provide effective assistance in any given case." *Id.* at 689. For this reason, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Despite the contention of Appellant to the contrary, his counsel at the trial court level discharged his duty to Appellant in a manner that was objectively reasonable.

    **B.** **Failure to Investigate and Obtain Evidence.** In his first argument as to why his counsel was ineffective, Appellant Smigelski states that his attorney failed to investigate appropriately and obtain evidence. On the contrary, it was within the reasonable discretion of defense counsel for Appellant to not file a motion to compel discovery that he knew would not result in additional evidence being produced.

The Supreme Court of Ohio, in the case of State v. Bradley (1989), 42 Ohio St.3d 136 at 145-146, applies the standard specified in *Strickland* when Appellant therein contends

-4-

that his attorney's failure to conduct pre-trial investigation constituted ineffective assistance of counsel. With respect to the appellant's allegation that his attorney's failure to investigate rose to the level of ineffective assistance, the Court determined that counsel's decision not to further investigate "could easily have been a considered choice of counsel". *Id.* At 146. Further, the Court states, "While counsel may have been more diligent, we do not find that, in this case, the lack of further diligence affected the outcome in any way." *Id.*

Here, as in *Bradley*, the defense counsel's choice to forego additional pursuit of a wild goose chase for a laundry list of evidence requests constructed by Defendant that simply did not exist was considered. Even though counsel for Appellant could have exhibited more diligence in attempting to make record of the fact that the laundry list of requests did not exist, the fact that he did not is not ineffective assistance of counsel under Ohio law.

C. **Failure to Present Evidence.** Appellant also contends that his attorney's decision to not object to the prosecutions's decision to reduce playback time of Officer Mowery's body camera video amounted to ineffective assistance of counsel. The trial consisted of hours of video playback. Much of the video footage captured in this incident was duplicative in nature. Simply put, a decision of defense counsel to limit the amount of video footage that was replayed during trial "could easily have been a considered choice of counsel." *Bradley* at 146.

D. **Failure to Impeach Testimony.** Appellant Smigelski alleges that Mr. Halabi's failure to impeach Mrs. James with a prior inconsistent statement amounts to ineffective assistance of counsel. The transcript of the trial, at pages 27-39, reflects the cross examination of Mrs. James conducted by Mr. Halabi. During the cross examination, Mr. Halabi does attempt to impeach the witness with certain potential inconsistencies from her direct examination. For example, at page 36, Mr. Halabi attempts to draw a distinction between Mrs.

-5-