IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

        **Plaintiff,**

   v.

GREGG CLULEY, et al.,

        **Defendants.**

Civil Action 2:20-cv-4812
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on several motions: Plaintiff's Motion to Compel Subpoenas (Doc. 98) and Motion for Extension of Time (Doc. 110); Defendant Mowery's and Non-Parties Abigail Savings's and City of Logan's motions to strike (Docs. 115, 117); Defendant Brooks's Motion for Leave to File Answer (Doc. 97); and Defendants Cluley's, Gabriel's and Skinner's Motion to Amend/Correct (Doc. 116).

**I.    MOTIONS FOR EXTENSION OF TIME AND TO COMPEL SUBPOENAS**

Discovery closed prior to Plaintiff filing both his Motion to Compel (Doc. 98) and his Motion for Extension of Time (Doc. 110), thus Plaintiff must satisfy Rule 16(b)(4) of the Federal Rules of Civil Procedure to reopen discovery. Rule 16(b)(4) provides that a court may modify a scheduling order for good cause. When a party requests to reopen discovery, the following factors matter: "[W]hether there exists good cause to reopen discovery, whether the need for additional discovery is due to the movant's neglect, and whether there exist other persuasive reasons (such as prejudice to the non-moving party) not to reopen discovery." *Brock v. Harrison*, No. 2:14-cv-0323, 2015 WL 6561723, at *1 (S.D. Ohio Oct. 20, 2015) (citing *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431 (6th Cir. 2006)); *see also U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2008 WL 2977891, at *11 (S.D. Ohio July 29, 2008) ("The party seeking to

reopen discovery must indicate to the court the need for more discovery, what material facts it hopes to uncover and why it has not previously discovered the information."). The Sixth Circuit has emphasized that "[t]he overarching inquiry in these overlapping factors is whether the moving party was diligent" while discovery was ongoing. *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); *see also Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

Here, Plaintiff has failed to demonstrate diligence or otherwise establish good cause to reopen discovery. Discovery has been extended several times in this case. (Docs. 48, 72, 93). In the most recent request for extension of time, Plaintiff only wanted a two-month extension while Defendants wanted a four-month extension. (Doc. 92 at 3). The Court adopted Plaintiff's position and extended the discovery deadline to June 20, 2022. (Doc. 93). Plaintiff understood that another extension would need to be requested if more time was needed (Doc. 92 at 2), and yet, he did not request an extension of time, nor move to compel subpoenas, until after the discovery deadline had passed (Docs. 93, 98, 110).

Further, Plaintiff should have known that he needed an extension in advance of the discovery deadline. Plaintiff's requested extension is to allow him to move to compel subpoenas and to submit a box of "possibly relevant paper evidence." (Doc. 110). But production in response to Plaintiff's subpoenas was due May 28, 2022 (*see* Docs. 98-2, 98-3, 98-7), and Plaintiff sent an email stating his intent to file a motion to compel on June 3, 2022 (*see* Doc. 111 at 37). Thus, Plaintiff knew of his need to file a motion to compel before the discovery deadline. Additionally, Plaintiff has had the paper evidence he seeks to submit since January 2022 (Doc. 110 at 1–2), well before the discovery deadline. In sum, before the discovery deadline, Plaintiff should have known that he needed to either (1) submit his paper evidence and file a motion to compel, or (2) move for an extension of time. But he did neither. He did not request the extension until over a month past

the discovery deadline and did not move to compel subpoenas until two weeks past the deadline. (*See* Docs. 93, 98, 110).  Thus, the need for additional time is due to Plaintiff's lack of diligence in pursuing discovery or an extension, not his lack of knowledge.

At base, Plaintiff makes no meaningful attempt to satisfy Rule 16.  Plaintiff was aware of the discovery deadline, had been involved in requests for extensions previously, knew that he wanted to file a motion to compel, and knew that he had additional evidence.  He knew all of this before the discovery deadline passed.  While the Court appreciates Plaintiff's status as a *pro se* litigant, he has provided no justification for failing to comply with the court-imposed deadline. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)) ("Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").  Thus, the Court concludes that Plaintiff failed to act diligently.

Because Plaintiff has not sufficiently justified his failure to meet the deadline, the Court need not thoroughly analyze how amendment might prejudice Defendants, but a brief mention is warranted.  See *Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir.2005)) ("Prejudice to the party not seeking alteration to the scheduling order should be a factor, but the main focus should remain on the moving party's exercise of diligence.").  Since discovery closed, Defendants filed their motions for summary judgment.  (Docs. 101, 103, 105).  These were filed before Plaintiff moved to reopen discovery.  (Doc. 110).  Reopening discovery now would delay the case, result in additional costs, and disturb Defendants' expectation of finality.  *See Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 377–78 (6th Cir. 2009) ("Moreover, any further delay in discovery would have resulted in additional time and expense incurred by both the

parties and the court and would have unfairly prejudiced defendants."). Thus, Defendants would be unduly prejudiced if Plaintiff were permitted to reopen discovery. Plaintiff's request to reopen discovery is **DENIED**.

Because the request to reopen discovery is denied, Plaintiff's Motion to Compel Subpoenas (Doc. 98) is untimely. The Court reiterates that the production in response to Plaintiff's subpoenas was due well before the discovery deadline and Plaintiff emailed counsel regarding his intent to file a motion to compel on June 3, 2022. (Docs. 98-2, 98-3, 98-7, 111 at 37). Thus, Plaintiff knew before the deadline that he may need to file such a motion and failed to do so. The Court "may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (quoting *Willis v. New World Van Lines, Inc.*, 123 F.Supp.2d 380, 401 (E.D. Mich. 2000). Here, because Plaintiff did not file his motion to compel until after the discovery deadline had passed, and because the Court denied his request to reopen discovery, his Motion to Compel Subpoenas (Doc. 98) is **DENIED**.

Finally, Plaintiff asks for an extension of time to file dispositive motions and to respond to Defendants' dispositive motions. (Doc. 110). "Defendants do not . . . object to a reasonable extension of Plaintiff's deadline to respond to the three pending motions for summary judgment." (Doc. 113 at 6). Further, the Court recognizes that Plaintiff was likely waiting for resolution of these discovery issues prior to filing his dispositive motions. Accordingly, the Court **GRANTS** Plaintiff's request for extension of time regarding dispositive motions. (Doc. 110 at 2). The Court **EXTENDS** Plaintiff's deadline for filing dispositive motions to **September 16, 2022**. Plaintiff's Response to Defendants' pending dispositive motions is due by **October 7, 2022**. This should give Plaintiff ample time to prepare his motion and to respond to Defendants.

## II. MOTIONS TO STRIKE

Plaintiff's Reply in support of his Motion to Compel (Doc. 114) prompted Defendant Mowery's and Non-Parties Abigail Savings's and City of Logan's motions to strike. (Docs. 115, 117).

Defendant Mowery's Motion (Doc. 115) seeks to strike a confidential document (Doc. 114-8) that Plaintiff attached as an exhibit to his Reply (Doc. 114). Plaintiff proposes sealing the document. (Doc. 118). Thus, Defendant Mowery's Reply in support of the Motion (Doc. 115) **SHALL** address whether sealing the document is sufficient. Until the Motion to Strike is resolved, the Clerk is **DIRECTED** to **TEMPORARILY SEAL** Doc. 114-8.

Non-Parties Savings and City of Logan move to strike Plaintiff's "unsupported allegations" of "willful misconduct" and constitutional violations in his Reply (Doc. 114). (Doc. 117 at 1). Plaintiff has filed his Response. (Doc. 125). In the interest of expediency, the Court **EXPEDITES** the Reply; the Reply is due by **August 26, 2022**.

## III. LEAVE TO FILE ANSWER

Defendant Brooks moves for leave to file her answer. (Doc. 97). For good cause shown, the Motion is **GRANTED**. The Clerk is **DIRECTED** to file Doc. 97-1 as Defendant Brooks's Answer to the Second Amended Complaint.

## IV. MOTION TO AMEND

The Motion to Amend/Correct (Doc. 116) filed by Defendants Cluley, Gabriel, and Skinner is **GRANTED**. They represent that "additional documents that are unrelated to the pending Motion for Summary Judgment were inadvertently filed as part of Doc. 103-2." (Doc. 116 at 1). Accordingly, the Clerk is **DIRECTED** to **PERMANENTLY SEAL** Doc. 103-2 and to file Doc. 116-1 as an exhibit to Doc. 103.

## V. CONCLUSION

Plaintiff's Motion to Compel Subpoenas (Doc. 98) is **DENIED** as untimely. Plaintiff's Motion for Extension of Time (Doc. 110) is **GRANTED IN PART AND DENIED IN PART**. The Court denies Plaintiff's request to reopen discovery, but grants Plaintiff's request for extension to file and respond to dispositive motions. Plaintiff's deadline for filing dispositive motions is **EXTENDED** to **September 16, 2022**; Plaintiff's Response to Defendants pending dispositive motions is due by **October 7, 2022**.

Defendant Mowery's Reply in support of the Motion (Doc. 115) **SHALL** address whether sealing the document is sufficient. In the meantime, the Clerk is **DIRECTED** to **TEMPORARILY SEAL** Doc. 114-8.

The briefing schedule for Non-Parties Savings's and City of Logan's Motion to Strike (Doc. 117) is **EXPEDITED**. The Reply is due by **August 26, 2022**.

Defendant Brooks's Motion for Leave to File Answer (Doc. 97) is **GRANTED**. The Clerk is **DIRECTED** to file Doc. 97-1 as Defendant Brooks's Answer to the Second Amended Complaint.

Defendants Cluley's, Gabriel's, and Skinner's Motion to Amend/Correct (Doc. 116) is **GRANTED**. The Clerk is **DIRECTED** to **PERMANENTLY SEAL** Doc. 103-2 and to file Doc. 116-1 as an exhibit to Doc. 103.

IT IS SO ORDERED.

Date: August 22, 2022   s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE