IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANDREW SMIGELSKI,

        Plaintiff,

    v.                                     Civil Action 2:20-cv-4812
                                          Judge Sarah D. Morrison
GREGG CLULEY, et al.,           Magistrate Judge Kimberly A. Jolson

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendant Mowery's Motion to Strike (Doc. 115) and Non-Parties Abigail Savings and City of Logan's ("Non-Parties") Motion to Strike (Doc. 117). The Court addresses each motion in turn.

**I.    DEFENDANT MOWERY'S MOTION TO STRIKE**

Defendant Mowery moved to strike a document attached as an exhibit (Doc. 114-8) to Plaintiff's Reply (Doc. 114) because it was confidential. (Doc. 115). This document, a May 19, 2022 letter from the Pickaway County Prosecuting Attorney's Office, includes material "related to a diversion case" that "should not be disseminated or reproduced in any way." (Doc. 115, ¶ 2). Plaintiff does not oppose sealing the document. (Doc. 118). So the Court asked Defendant Mowery for his position on sealing the document. (Doc. 126). He agreed to sealing the document in lieu of striking it. (Doc. 128).

To seal, Defendant Mowery must show (1) a compelling interest, (2) that outweighs the public interest in access, and (3) is narrowly tailored. *See Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Defendant Mowery has satisfied the compelling interest prong because the document was not supposed to be "disseminated or reproduced[.]" (Doc. 115, ¶ 2).

The document is not directly related to Plaintiff's underlying claim; it relates to a separate criminal prosecution of Defendant Mowery that is not material here. Thus, there is little or no public interest in accessing this information to better understand the present case. Finally, the request is narrowly tailored because it seeks to seal only information which never should have been on the public docket. Notably Defendant Mowery does not seek to seal any of the other ten exhibits to Plaintiff's Reply. (*See* Doc. 114-1–114-10). Accordingly, Defendant Mowery has satisfied the burden for sealing.

The Motion to Strike (Doc. 115) is **DENIED** and the Clerk's Office is **DIRECTED** to **PERMANENTLY SEAL** Doc. 114-8.

II.    **NON-PARTIES' MOTION TO STRIKE**

Non-Parties move to strike statements in Plaintiff's Reply in support of his Motion to Compel (Doc. 114). (Doc. 117). They say that "Plaintiff's Reply Brief is replete with unsupported allegations that Non-Parties . . . have engaged in willful misconduct and have violated the Plaintiff's constitutional rights." (*Id.* at 1). These allegations include that Abigail Savings ("Savings") engaged in prosecutorial misconduct, that City of Logan improperly withheld documents, and that defense counsel is not telling the truth. (*See* Docs. 117, 129). Non-parties move to strike these allegations from the record because they are "wholly unsupported" and "bear no relation to the claims pending before [the] Court." (Docs. 117 at 1, 129 at 2). Plaintiff argues that this is an attempt to file a sur-reply without leave of Court. (Doc. 125). For the reasons that follow, the Motion to Strike (Doc. 117) is **GRANTED in part and DENIED in part**.

"The [C]ourt may strike improvident filings based on its inherent authority to manage its own docket." *Sultaana v. Jerman*, No. 1:15-CV-382, 2019 WL 6343475, at *5 (N.D. Ohio Nov. 27, 2019) (citing *ACLU of Ky. v. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010)). Using this inherent authority, the Court may "strike any filed paper which it determines to be abusive or

*otherwise improper* under the circumstances." *Dowell v. Bernhardt*, No. 3:19-CV-00105, 2019 WL 6909461, at *6 (M.D. Tenn. Dec. 19, 2019) (emphasis in original) (citing *In re Bear Stearns Cos.*, *Securities, Derivative and ERISA Litigation*, 763 F. Supp. 2d 423, 581 (S.D. N.Y. 2011)); *see also Bruce v. Great Britain*, No. 3:17-CV-285, 2017 WL 11666484, at *2 (E.D. Tenn. Dec. 18, 2017) ("There is, however, a consensus that federal courts enjoy an inherit authority to strike information in non-pleading filings."); *Wohadlo v. Tentcraft Inc.*, No. 1:18-CV-1442, 2021 WL 2383844, at *5 (W.D. Mich. Apr. 20, 2021), *report and recommendation adopted*, No. 1:18-CV-1442, 2021 WL 1997020 (W.D. Mich. May 19, 2021) (collecting cases); *Stephenson v. Fam. Sols. of Ohio, Inc.*, 499 F. Supp. 3d 467, 475 (N.D. Ohio Nov. 4, 2020); *Hlfip Holding, Inc. v. Rutherford Cty., Tenn.*, No. 3:19-CV-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020).  But motions to strike "should be granted only when the material at issue has no possible relation to the controversy." *Hlfip Holding*, 2020 WL 6484254, at *2 (citing *Byrd v. Wine*, No. 3:16-cv-02738, 2017 WL 67993, at *2 (M.D. Tenn. Jan. 6, 2017)).

Regarding Savings, Plaintiff makes familiar assertions of prosecutorial misconduct and unconstitutional actions.  Plaintiff made similar allegations in his initial complaint, (Doc. 8, ¶¶ 103–135), which were screened by the Court (Docs. 7, 9), and have already been stricken from the record (Doc. 39 at 2–3).  These allegations against Savings are irrelevant to the current case, which has been narrowed significantly.  (Docs. 7, 9, 14).  Plaintiff has been permitted to pursue claims against Defendant Brooks for alleged unconstitutional collection of DNA, Defendant Cluley for alleged misrepresentations in obtaining a search warrant, and Defendants Mowery, Skinner, and Gabriel for alleged excessive force. (Docs. 7, 9).  Nothing more.  And Plaintiff is not permitted to shoehorn in previously dismissed allegations against Savings under the guise of a motion to compel argument.  Plaintiff's re-introduction of these allegations is irrelevant to his

motion to compel and irrelevant to his underlying complaint. Thus, the allegations in Plaintiff's Reply regarding Savings (Doc. 114 at 3–4) are **STRICKEN** from the record.

Regarding City of Logan and defense counsel, Plaintiff says that documents were improperly withheld, his subpoena request was not fully responded to, and defense counsel was not truthful. (Doc. 114 at 4–7). Non-Parties counter that this is false and unsupported. (Doc. 117 at 3–6). They say that City of Logan "did not withhold any documents" and "upon learning of additional responsive documents, supplemented its public records response." (*Id.* at 4). And they assert that defense counsel signed the subpoenas, thus certifying that to the best of her knowledge the information was complete and correct. (*Id.* at 7–8). Even though Plaintiff's allegations may not be true, his allegations do not rise to the level of abusive. And unlike his allegations against Savings, Plaintiff's argument here is at least somewhat related to what is at issue in this case and Plaintiff's Motion to Compel. (*See generally* Doc. 98).

Ultimately, the Court did not rely on Plaintiff's assertions in resolving the Motion to Compel (Doc. 98) because the Motion was denied based on timeliness (Doc. 126). So the City of Logan and its counsel did not suffer an adverse consequence. And the power to strike should be sparingly used by the Court. *Hlfip Holding*, 2020 WL 6484254, at *2 (quoting *Blair v. Johnson & Johnson*, No. 3:19-cv-333-DJH-RSE, 2020 WL 1172715, at *4 (W.D. Ky. Mar. 11, 2020) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)) (discussing the power to strike pleadings under Rule 12(f)). While the Court appreciates that Non-Parties dispute Plaintiff's characterization of the subpoena responses, the Court declines to strike Plaintiff's statements (Doc. 114 at 4–6).

In sum, the Motion to Strike (Doc. 117) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's statements regarding Savings (Doc. 114 at 3–4) are **STRICKEN** but Plaintiff's statements regarding City of Logan and defense counsel are not stricken.

IT IS SO ORDERED.

Date: September 12, 2022                           s/ Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE