IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANDREW SMIGELSKI,**

    **Plaintiff**　　　　　　　　　　　Civil Action 2:20-cv-4812
　　　　　　　　　　　　　　　　　　Judge Sarah D. Morrison
**V.**　　　　　　　　　　　　　　　　Magistrate Judge Kimberly Jolson

**GREGG CLULEY et al.**

## Plaintiff's Response to Defendant Lisa Brooks's Motion for Summary Judgment

Plaintiff Andrew Smigelski responds to Defendant Lisa Brooks's Motion for Summary Judgment.

### Introduction

In September 2018, subsequent to an arrest by Logan Police Officer Josh Mowery, Plaintiff was brought to the South East Ohio Regional Jail (SEORJ) and conveyed to the custody of Guard Lisa Brooks, who collected his DNA without a warrant, and in contravention to the Ohio Revised Code guidelines on DNA collection. The result was an illegal search and seizure under the Fourth Amendment of the US Constitution and was a violation of Plaintiff's rights.

### Facts and Argument of Law

There are numerous errors and discrepancies in the process that resulted in the illegal collection of this DNA.

First, Plaintiff would like to directly refute the two most obvious defenses raised by Defense counsel for Lisa Brooks.

1. That the Statute of Limitations for filing the lawsuit had passed.

    Defense Counsel claims that because the offense committed by Lisa Brooks happened on September 12, 2018, a lawsuit in response should have been filed by September 12, 2020. This lawsuit was actually filed on September 14, 2020 because September 12 was on a Saturday and the court was closed. This claim is, on its face, without merit.

2. That Lisa Brooks was not the one who collected Plaintiff's DNA.

This is shown to be false by the attached *Exhibit A* which proves that Lisa Brooks is in fact the guard who collected Plaintiff's DNA.

Plaintiff's Response to Lisa Brooks's Motion for Summary Judgment additionally can be summarized by three main points:

### 1. The charges at hand did not justify the collection of Plaintiff's DNA

The charges alleged in this case vary wildly and change from document to document.

The charges on the booking form, submitted by the SEORJ (*Exhibit B)* includes two charges - first degree misdemeanor Aggravated Menacing and third degree felony Inducing Panic. This booking form is the only place that third degree felony inducing panic appears.

Per the Ohio Revised Code Section 2917.31, for Inducing Panic to be a third degree felony, it would have to meet either of the following requirements:

*(c) If the violation results in economic harm of one hundred fifty thousand dollars or more, inducing panic is a felony of the third degree.*

*(7) If the violation pertains to a purported, threatened, or actual use of a weapon of mass destruction, and except as otherwise provided in division (C)(5) of this section, if a violation of this section results in physical harm to any person, inducing panic is a felony of the third degree.*

*(8) If the violation pertains to a purported, threatened, or actual use of a weapon of mass destruction, and except as otherwise provided in division (C)(5) of this section, if a violation of this section results in economic harm of one hundred thousand dollars or more, inducing panic is a felony of the third degree.*

Because the Plaintiff never had a weapon of mass destruction, nor claimed to have one, nor was reported to have one, and because there was no economic harm exceeding $150,000, it is obvious on its face that the classification as written would not apply.

It is also worth noting that it is clear that a different pen/writer wrote in the "F3" Felony on the second line of charges. It is likely that Lisa Brooks added this random crime classification to the booking form for the explicit purpose of collecting Plaintiff's DNA.

The charge Lisa Brooks wrote on the booking form is different from the section of the Ohio Revised Code she cited to justify the collection of his DNA on the DNA Collection form (*Exhibit A)*. On this form, Lisa Brooks cited Section 2903.21 of the ORC, which is not a felony and should not have resulted in the collection of Plaintiff's DNA.

An additional discrepancy is found on the Booking Page for Plaintiff, posted at 9:15 AM on the morning of his arrest. This page, attached as *Exhibit C*, lists two offenses, complete with applicable sections of law, which denote both as misdemeanors, and thus not subject to DNA collection.

### 2. It's no coincidence that Lisa Brooks was the guard who collected Plaintiff's DNA

Lisa Brooks, the guard who collected Plaintiff's DNA has an extensive history with the arresting officer, Josh Mowery, who directly conveyed Plaintiff into Lisa Brooks's custody.  Additionally, both Lisa Brooks' daughter and ex-husband are close to Josh Mowery. Lisa Brooks and her daughter are both listed as witnesses in the *Mowery Criminal Complaint.* Lisa Brooks is the only SEORJ guard listed as a witness. In the *Mowery Criminal Complaint* Lisa Brooks recounts a time when her ex-husband was spared arrest, specifically because he is friends with Josh Mowery and Mowery was the responding officer (*Mowery Criminal Complaint page 116).*

Additionally, Lisa Brooks previously admitted to receiving photos of Josh Mowery's penis, while he was on duty, in uniform, and in a marked police vehicle (*Mowery Criminal Complaint page 116*). Seemingly, Lisa Brooks did not report this until years later, after Mowery was placed on leave.

Lisa Brooks's daughter, a former member of the Police Explorers program, acted as a go-between at the behest of Josh Mowery to threaten the main witness in the case that led to his criminal indictment. (*Mowery Criminal Complaint page 96-97).* Brooks's daughter denied the specific language of the threat, but did confirm the conveyance of information between Josh Mowery and the witness in the criminal case (*Mowery Criminal Complaint page 116).* An analysis of Mowery's phone confirmed this contact (*Mowery Criminal Complaint page 102).*

When confronted about possibly inappropriate sexual relationships Josh Mowery was having with Lisa Brooks's daughter,  Mowery claimed that they were cousins. (*Mowery Criminal Complaint page 27).*

Plaintiff is not one to judge others on their sexual activity, as long as it is both consensual and legal, but feels it is relevant in this case because the previously undisclosed relationship involved both personal and professional conduct.

Because of this sexual and familial relationship, it is likely that Lisa Brooks was biased in support of Josh Mowery. It is no coincidence that she is both the only SEORJ guard listed in the *Mowery Criminal Complaint*, and the collector of Plaintiff's DNA. As Plaintiff has repeatedly mentioned throughout these proceedings, the arrest committed by Josh

Mowery was a fraudulent retaliatory arrest, done in support of Mowery's friends. The arrest was done to embarass, humiliate, and violate Plaintiff in as many ways as possible, and Lisa Brooks willingly contributed to these violations by making up a false charge and classification on the booking form, and writing another separate charge, in contradiction of State law, on the DNA Collection form.

### 3. Ohio's DNA collection law is prone to abuse, and in this case it was abused.

The violation of Plaintiff's Civil Rights in this instance was enabled by Ohio's DNA data collection law, which is prone to retaliatory abuse.

In this case, charges were made up to justify the illegal collection of DNA, but were not pursued in any legal way because they totally lacked validity. This allows for corrupt guards, like Lisa Brooks, to work in coordination with corrupt police officers like Josh Mowery, to extract the DNA of those they don't like, with zero repercussions.

### Conclusion

For the above listed reasons, including notable discrepancies, and previously undisclosed personal/professional relationships which bear the indicia of elements of conspiracy,  Defendant Lisa Brooks's Motion for Summary Judgment on the basis of Qualified Immunity should be denied. At a minimum, there exist genuine issues of material fact for a jury to decide, and summary judgment is not the appropriate course of action.

/s/Andrew Smigelski
**Andrew Smigelski, Plaintiff Pro Se**
**1015 Bryan Road**
**Sugar Grove, Ohio 43155**
**614-607-1230**
**Smigelski.Andy@gmail.com**