IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW SMIGELSKI, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-4812 |
| | : | |
| vs. | : | JUDGE MORRISON |
| | : | |
| GREGG CLULEY, et al., | : | MAG. JUDGE JOLSON |
| | : | |
| Defendants. | : | |

**REPLY OF DEFENDANT LISA BROOKS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The only allegation in this case against Defendant Lisa Brooks ("Ms. Brooks") is that she improperly obtained a DNA sample from Plaintiff when he was booked into the Southeastern Ohio Regional Jail ("SEORJ") on September 18, 2018. Prior to Ms. Brooks' collection of the DNA, however, SEORJ was notified by the City of Logan that Plaintiff had been arrested for a felony. Plaintiff does not dispute that in Ohio, a jail *must* collect a DNA sample from individuals who have been arrested for felonies. See R.C. 2901.07(B)(1). There is also no dispute that the only information that SEORJ had from the City indicated that Plaintiff was arrested for a felony. Given these facts, there is no genuine issue of material fact that Ms. Brooks did not violate Plaintiff's constitutional rights, and summary judgment for Ms. Brooks is warranted as a matter of law.

**A.  Ms. Brooks did not violate Plaintiff's constitutional rights because she reasonably believed that Plaintiff was arrested for a felony based on documents provided by the City of Logan and was therefore required to collect a DNA sample from Plaintiff under R.C. 2901.07(B)(1).**

Ms. Brooks has asserted that there is insufficient evidence to establish a genuine issue of material fact about whether she violated Plaintiff's constitutional rights by collecting the DNA sample. Ms. Brooks has satisfied her initial burden under Fed. R. Civ. P. 56(c) by submitted

Affidavits from her and the Warden for SEORJ, Joshua Van Bibber, explaining the process for DNA collection, the circumstances when it is required, and the reason that it was required when the Plaintiff was arrested on September 12, 2018. (ECF # 105-1, VanBibber Affidavit, PageID 966-967, at ¶¶ 3-5). SEORJ and Ms. Brooks also had before them a properly authenticated Inmate Intake Form from the City of Logan showing that the City indicated that the Plaintiff was arrested for a third degree felony violation of R.C. 2917.31(A)(1) ("Inducing Panic"). (ECF # 105-1 VanBibber Affidavit, at PageID 966; ECF # 105-2, Inmate Intake Form, PageID 968; ECF 105-3, Brooks Affidavit, PageID 969). This evidence, coupled with the requirement in R.C. 2901.07(B)(1) that any adult arrested for a felony *shall* submit a DNA specimen when arrested, establishes that Ms. Brooks' actions were required and constitutional as a matter of law.

With Ms. Brooks having satisfied her initial burden, that burden shifts to Plaintiff to demonstrate why summary judgment would be inappropriate, by submitting Fed. R. Civ. P. 56(c)(1)(A) evidence establishing the existence of a genuine issue of material fact. *Bethel v. Jenkins,* 988 F.3d 931, 938 (6th Cir. 2021), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In this case, that means that Plaintiff must present evidence that he was *not* arrested for a felony on September 18, 2020—or more specifically, that SEORJ and Ms. Brooks were aware that he was not arrested for a felony but still went ahead with taking his DNA sample. Plaintiff has not satisfied this burden. Plaintiff has submitted no evidence showing that SEORJ and/or Ms. Brooks was aware that he was not arrested for a felony. In fact, the documents that he submitted— assuming that they are documents that can be considered under Fed. R. Civ. R. 56(c)(1)(A)— support *Ms. Brooks'* position, because they show that SEORJ was told (and believed) the City that Plaintiff was arrested for the felony charge of Inducing Panic.

Because Plaintiff has not submitted any document or evidence that can be considered under Fed. R. Civ. P. 56(c)(1)(A), Plaintiff has failed to carry his reciprocal burden to show a genuine issue of material fact, and summary judgment is warranted.

In addition, the "evidence" that Plaintiff relies upon is not actually evidence at all and cannot be used to create a genuine issue of material fact to overcome summary judgment.

For instance, Plaintiff argues that the Inmate Intake Form provided to SEORJ indicating that he was arrested in a felony charge of Inducing Panic was "doctored" by Ms. Brooks, citing handwriting on the form that he believes is inconsistent. This is pure speculation, which is not evidence sufficient to overcome summary judgment. See, for instance, *Coverdale v. Conley,* No. 1:19-cv-920, 2022 U.S. Dist. LEXIS 58635 (S.D. Ohio March 30, 2022), at *10 (Plaintiff's speculation that a jail altered a video tape does not create a genuine issue of material fact about the validity of the contents of the tape). Plaintiff's opinion about the handwriting on the Inmate Intake Form regarding the felony charge is not evidence of anything, as Plaintiff is not a handwriting expert, and his opinion has no weight on this issue. In addition, it is also clear from its face that the Inmate Intake Form is not an internal document that originated from SEORJ. The time stamp from the fax machine at the top of the document shows that the Inmate Intake Form was completed and faxed to SEORJ from the City of Logan at 9:02 a.m., as is. (ECF # 105-2, Inmate Intake Form, at PageID 968). This is inconsistent with Plaintiff's speculation that SEORJ and/or Ms. Brooks created the document to make it appear that he was charged with a felony.

Plaintiff also engages in an extensive discussion impugning the motives of Ms. Brooks, arguing that she "worked in coordination with" Defendant Mowery to fabricate charges to obtain a DNA sample. As a threshold matter, none of Plaintiff's discussion should be considered because it is based on a "Mowery Criminal Complaint" that is nowhere in evidence in this case. In addition,

even if every *factual* statement Plaintiff cites from the "Mowery Criminal Complaint" were true, the inference that Ms. Brooks was biased--and that this bias motivated her to conspire to doctor the Inmate Intake Form to include a felony--is pure speculation. The only actual evidence in this case that can be considered under Fed. R. Civ. P. 56(c) shows that the City faxed a form to SEORJ stating that Plaintiff was arrested for a felony, and that SEORJ therefore complied with its mandatory duty to obtain a DNA sample as a result.

Finally, Plaintiff argues that SEORJ and Ms. Brooks were not permitted to obtain a DNA sample because his conduct did not support the underlying felony charge of Inducing Panic. This is immaterial. The issue here is whether SEORJ and Ms. Brooks were reasonable in believing that Plaintiff had been arrested by the City for a felony--not whether he actually committed the felony. The only admissible Rule 56(c) evidence before this Court is that the City communicated that Plaintiff was arrested for a felony, and based on that communication, SEORJ and Ms. Brooks believed that they were required to obtain the DNA sample based on the Inmate Intake Form. There is no evidence that this belief was unreasonable, that Ms. Brooks was subjectively aware of anything about Plaintiff's arrest, other than the information SEORJ received in the form from the City, or that Ms. Brooks collected Plaintiff's DNA in bad faith or with any belief that she was not permitted by law to do so.

**B.     Qualified Immunity.**

Even if the facts in this case could somehow be construed to create an issue of fact as to whether a constitutional breach occurred, Ms. Brooks would still be entitled to qualified immunity. As of September 12, 2020, there was no clearly established law holding that an officer in Ms. Brooks' position was prohibited from collecting a DNA sample from the Plaintiff. Or more specifically, there is no law holding that Ms. Brooks had the duty or the authority to question

whether or not there was probable cause for the felony charge for which Plaintiff had been arrested by Logan Police Department, an agency separate from the HCSO. And there is no law that required Ms. Brooks to delay the collection of the DNA sample to see what charges the arresting officers would ultimately file. In fact, the City had up to 48 hours to carry through with its representation that it would file a felony charge against Plaintiff. See *County of Riverside v. McLoughlin*, 500 U.S. 44, 111 S. Ct. 1661, 114 L.Ed. 49 (1991). In this case, SEORJ and Ms. Brooks did what Ohio law requires—they collected a DNA of a felony arrestee. As such, Ms. Brooks is entitled to qualified immunity, as Plaintiff can show neither an underlying constitutional violation nor that Ms. Brooks should have been aware of clearly established law that required her to act other than she did September 12, 2020.

## **CONCLUSION**

For the reasons set forth above and in her Motion for Summary Judgment, Defendant Lisa Brooks respectfully requests that this Court grant summary judgment in her favor.

Respectfully submitted,

/s/ *Aaron M. Glasgow*
Aaron M. Glasgow (0075466)
E-mail: aglasgow@isaacwiles.com
ISAAC WILES & BURKHOLDER, LLC
2 Miranova Place, 7th Floor
Columbus, OH 43215
T: (614) 220-5170
F: (614) 365-9516
*Attorney for Defendant Lisa Brooks*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  In addition, a copy of the foregoing was served by email on the following:

Andrew Smigelski
E-mail: Smigelski.andy@gmail.com
1015 Bryan Road
Sugar Grove, OH 43155
(614) 607-1230
*Plaintiff Pro Se*

/s/ *Aaron M. Glasgow*
Aaron M. Glasgow (0075466)