**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANDREW SMIGELSKI,**

       **Plaintiff**         Civil Action 2:20-cv-4812
                                                                        Judge Sarah D. Morrison
**V.**                                                    Magistrate Judge Kimberly Jolson

**GREGG CLUEY et al.**

## Plaintiff's Reply to Defendants Mowery, Skinner, Gabriel, Cluley Response to Plaintiff's Motion for Summary Judgment

Plaintiff, Andrew Smigelski, would like to briefly address the counter-arguments made by defendants Mowery, Skinner, Gabriel, and Cluley, in response to Plaintiff's Motion for Summary Judgment.

As detailed in Plaintiff's Motion for Summary Judgment, there exists sufficient evidence to award summary judgment to the Plaintiff for all causes of action against these defendants. Despite defense counsel's false claims to the contrary, evidence, including videos, show that everything Plaintiff claimed is true, beyond any doubt.

## Mowery

In Mowery's response, his Defense counsel claims: "the Fourth Amendment only requires these officers employ that force reasonably necessary to subdue a resisting suspect." There are several problems with this.

At the time Mowery slammed Plaintiff into Plaintiff's home, and then to the ground, Plaintiff was fully complying. Multiple angles of undisputed video clearly show that

Plaintiff was verbally protesting the false arrest, but physically complying in every way, including putting both of his hands behind his back to be handcuffed.

Therefore, Plaintiff was not a "resisting suspect", and the only possible constitutionally legal use of force at that point was to simply handcuff the Plaintiff. Officer Mowery didn't do this. Mowery went above and beyond the constitutional limits and chose to invoke retributory street violence against the Plaintiff instead.

Further, despite the evidence that the handcuffs were clearly so tight as to cause bruising and a loss of circulation, Defense counsel for Mowery claims that Plaintiff should have complained to Mowery about them. Mowery clearly put the handcuffs on so tight to intentionally inflict pain. He did this moments after violently attacking Plaintiff because Plaintiff chose to invoke his rights. If Plaintiff would have complained again at that moment, it would have resulted in an additional retaliatory attack.

The fact also remains that Plaintiff did complain about the excessively tight handcuffs to another Logan Police officer, Officer Ryan Culbertson, the first officer other than Josh Mowery that Plaintiff directly interacted with after his arrest. Defense counsel and the City of Logan have refused to produce this video.

Plaintiff and Defense counsel agree that the video and photographs accurately depict the attack and aftermath. When this video evidence is reviewed by The Court however, there can be only one true and accurate interpretation, that is that Officer Mowery used excessive force against Plaintiff and summary judgment should be awarded against defendant Mowery.

## Skinner

In this case the evidence is indisputable, that Officer Skinner threatened to use excessive force, and encouraged other officers to use excessive force, and then Officer Skinner used excessive force, pushing his way past other officers to begin striking Plaintiff with his taser.

Defense counsel for Skinner has repeatedly referenced case law implying that it's acceptable for an Officer to literally be "evil." Defense counsel is right in part, what Officer Skinner said was evil. Skinner made threats to kill plaintiff's dog, excitedly announced his intent to use excessive force, and encouraged other officers to use excessive force against Plaintiff. Each one of these evil statements is more severe and traumatic than anything Plaintiff was alleged to have said. And unlike the allegations against Plaintiff, the threats made by Skinner are both real and documented. These are criminal threats and Skinner should have been arrested at the scene for making them

Defense counsel's repeated reliance on an officer's rights to be "evil" is already an affront to justice of any kind. What differentiates these comments from mere "evil intentions" is that they were immediately followed up by actual physical violence at the hands of Officer Skinner. Defense counsel has repeatedly lied to say that Skinner never touched the Plaintiff, only putting the taser "near" Plaintiff. The video clearly shows Officer Skinner unnecessarily striking Plaintiff with the taser - the force of which is evident by the bulging veins and tense muscles of Skinner's forearm as he made the strikes, and by the crumpling of Plaintiff's jacket under the force of the taser.

Because of this irrefutable evidence, Defense counsel has chosen to pursue "The Big Lie", false claims so blatantly misleading, with contrary claims to the interpretation of evidence so clear cut that no reasonable jury or trier of fact could possibly believe them.

It is also worth noting that Defense counsel has previously claimed "Detective Skinner did not use any force against Plaintiff at all." Now, Defense counsel is claiming that Skinner used "minimal force." These claims are clearly contradictory, and Defense counsel has been caught in their own lies.

Defense counsel further lied to say that Plaintiff was actively resisting arrest and refusing to be handcuffed. Video shows that this isn't the case. Plaintiff put his hands behind his back as quickly as practicable, and it wasn't until after he did so that he was attacked by Officer Mowery, and then while on the ground unable to move, further violated by several officers including Officers Skinner and Gabriel.

Skinner clearly used force, and the force was clearly excessive. Skinner had to literally shove his way past other officers to gain access to Plaintiff, who was already laying face down, in pain, on the concrete. Summary Judgment should be awarded against Officer Skinner.

## Gabriel

In response to Plaintiff's claim against Ryan Gabriel, Defense Counsel lists a number of cases and claims "Captain Gabriel was entitled to rely upon these cases and was reasonable in his belief that this minimal use of force was within the bounds of the constitution." This is, in itself, perplexing. These cases weren't even filed until after Ryan Gabriel's use of force in 2018, and weren't decided by the 6th Circuit Court until 2021, three years after Ryan Gabriel's use of force. Defense counsel's use of these cases is implying that Captain Gabriel had a premonition in regards to these cases, and could rely on allegedly supportive cases that wouldn't be filed or decided until years later.

Further, Defense counsel attempts to discredit a case which firmly established supervisory liability, prior to the conduct committed by Officer Gabriel. Defense counsel claims that, using Plaintiff's logic, any supervisory officer could be held liable merely because they were at the scene of the unconstitutional conduct. But this isn't what Plaintiff is claiming at all. Captain Gabriel wasn't merely another officer at the scene, he was directly on top of Plaintiff, and only inches away from Officers Mowery and Skinner while they committed unconstitutional activities.

Captain Gabriel himself acknowledges his involvement in the video cited in Plaintiff's Motion for Summary Judgment, where Gabriel tells Mowery "That was fun." This removes any doubt that Gabriel was involved in both supervising and partaking in unconstitutional activity, and clearly shows that Captain Gabriel enjoyed doing so.

 For these reasons, it would be appropriate to grant summary judgment against Officer Gabriel.

## Cluley

On behalf of Officer Cluley, Defense counsel claims that the multiple instances of flagrantly false information Cluley wrote in the search warrant were "relayed to him by Officer Burchfield."

This is problematic in multiple ways. First, within the four corners of the warrant itself, Cluley never identified where the information came from. Nor did Cluley identify the source of the information or the results of any pre-warrant questioning or investigation when asked by Plaintiff in an interrogatory (*EXHIBIT A - Cluley Responses to Requests Page 3, Interrogatory #20*) . It was not until four years after writing the warrant that Cluley decided that the information should come from non-party Eli Burchfield. As previously stated in Plaintiff's Motion for Summary Judgment, this is nothing more than an attempt to shirk off the blame onto a non-party.

Despite repeated opportunities, Cluley has never once identified what information was allegedly "relayed by Officer Burchfield." Cluley has produced zero transcripts, text messages, phone calls, radio calls, video recordings, audio recordings, or written statements, that show or corroborate this supposed relay of information. This is because no relay of information ever took place. Cluley falsely swore multiple statements in the hope that if he was later challenged on the false statements, he could claim that it was an accident and he just didn't know any better.

Because Cluley has been known to lie on sworn affidavits, his uncorroborated claim regarding a relay of information from Eli Burchfield must be rejected outright.

As mentioned, even if Officer Cluley had received some sort of false information from Officer Burchfield, he still made either knowingly or recklessly false statements. The fact is, that Officer Cluley didn't swear he received information from Officer Burchfield which later turned out to be false, instead he swore that false information was true, and then later claimed that information came from Eli Burchfield.

As mentioned in Plaintiff's Motion for Summary Judgment, other officers at the scene, including Officer Skinner, questioned how and why a search warrant would even be relevant or justified given the charges at hand. Officer Cluley has not explained this. Officer Cluley made up several charges, and gave no justification for the charges, including "Weapons Under Disability' which can't be found on a single document in any part of any proceeding, other than Cluley's false warrant. Nor has Cluley explained how the 92 photographs of Plaintiff's home, including the substantial list detailed in Plaintiff's Motion for Summary Judgment, could possibly be related to any crime at all, let alone the originating false allegation of a verbal threat made by Jessica James.

Regarding Plaintiff's writing, Defense counsel claims:

*"Furthermore, all of the crimes alleged involve threats of violence. As a result, any documents or information found within the Plaintiff's residence that related to violent thoughts or actions would be relevant to any criminal prosecution against the Plaintiff."*

This is Defense counsel's attempted justification for the things to be searched, not Gregg Cluley's, who on the warrant provided none. However, Defense counsel can't identify a single other case where "Writing pertaining (a) thought process" was listed as a thing to be seized. This is despite Plaintiff's requests and subpoenas (See *Docket 98 - Plaintiff's Motion to Compel - Logan Police Department #14)*. If this was a valid thing to search for and seize regarding crime allegations of this type, Defense counsel should have been able to produce a multitude of exculpatory previous instances of this overly vague request.  This makes it clear that this type of request has never before been made by Officer Cluley, and was only done in this case to retaliate against Plaintiff for his Letter to the Editor.

It should also be noted that there were no "documents or information that related to violent thoughts or actions." Cluley illegally violated over 1000 pages of Plaintiff's writing in a baseless fishing expedition and came up short. This is in addition to numerous works of literature named in Plaintiff's Motion for Summary Judgment.  This is simply because Gregg Cluley was never looking for evidence of a crime at all. He wanted to

violate Plaintiff's creative products and pursuits because of Plaintiff's criticism of the local police force.

Plaintiff's citation of the case *Wheeler v. City of Lansing, 660 F.3d 931, 942 (6th Cir. 2011)* clearly addresses this unconstitutional misuse of search warrants. Defense counsel chose to ignore this case law in Plaintiff's brief entirely and claim it didn't exist, instead claiming that *Groh v. Ramirez* was the final case cited by Plaintiff. This is because Defense counsel has no reasonable response to case law that proves that listing items in the search warrant, that are not supported in the affidavit *i.e.* every single thing that Cluley listed to be seized, and that Cluley photographed (listed in Plaintiff's Motion for Summary Judgment),  is clearly an unconstitutional search and seizure.

Cluley is not a rookie officer. The fact that he has been on the force for years shows that he clearly knows better. He knew that what he was doing was unconstitutional, but chose to do it anyway to violate the Plaintiff. Cluley wrote a search warrant affidavit that was flagrantly false on multiple accounts and now Cluley is hoping that feigning ignorance will absolve him of his unconstitutional behavior. This should not be allowed to happen.

Despite Defense counsel's false claims, Cluley can clearly be seen on the cited videos mere feet away from Plaintiff as he is being searched, directly witnessing the search of Plaintiff. Cluley knew that his own claims were false.

Defense Counsel claims that "Plaintiff has not produced any evidence about Lt. Cluley's mental state." While Defense counsel is simultaneously failing to meaningfully respond to Plaintiff's subpoenas at all, including to demands for radio calls, additional videos, emails, phone calls, text messages, psychological records, etc.  If this precedent is granted in favor of Gregg Cluley, any officer can tell any lie they want, as long as they claim they thought it was true, and Defense Counsel is willing to withhold additional evidence that the officer knew what he was saying was false. Despite these numerous improper withholdings, Plaintiff has shown that other officers at the scene entertained subjective doubts, which were no doubt shared by Officer Cluley.

In short, Defense counsel is arguing that it's acceptable for an officer to repeatedly lie on an affidavit, as long as they claim, ex post facto, that they didn't know that what they repeatedly swore was true was actually false. As shown, Defense counsel can't produce any evidence of any investigation at all by Gregg Cluley before he wrote his false affidavit.

Instead, summary judgment should be granted against Officer Cluley, both because he swore multiple statements that were either knowingly or recklessly false, and because Cluley retaliatorily seized and photographed a very large quantity of "evidence" that Cluley never even attempted to justify as being related to any charge at hand, or any crime at all.

## Conclusion

In conclusion, even despite defense counsel's false claims, withholdings, and misrepresentations, there exists sufficient evidence to grant summary judgment against all of the above named defendants. The evidence in the record, and the case law precedent, provide enough that there exists no genuine issue of any material fact related to these causes of action. Not only should summary judgment be denied on behalf of the defendants, it should be granted in favor of the Plaintiff.

/s/Andrew Smigelski_____
Andrew Smigelski, Plaintiff Pro Se
1015 Bryan Road
Sugar Grove, Ohio 43155
614-607-1230
Smigelski.Andy@gmail.com